**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4572**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NICOLE BENNETT,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:13-cr-00081-IMK-MJA-1)

Submitted: January 30, 2018                          Decided:  February 1, 2018

Before MOTZ and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Katy J. Cimino, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Traci Michelle Cook, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicole Bennett appeals from the district court's order revoking her supervised release and imposing a six-month term of imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred when sentencing Bennett. The Government has declined to file a response. Bennett was notified of her right to file a pro se supplemental brief, but she has not done so. We affirm.

We review for abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). To revoke supervised release, a district court need only find by a preponderance of the evidence a violation of a condition of supervised release. 18 U.S.C. § 3583(e)(3) (2012). Here, Bennett admitted to violating her supervised release conditions as charged. Given the nature of the violations, the district court acted within its discretion in revoking her release.

We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, *U.S. Sentencing Guidelines Manual* Ch. 7, Pt. B (2016), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *United States v. Webb*, 738 F.3d 638, 640-41 (4th Cir. 2013).

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 advisory policy statements and the § 3553(a) factors it is permitted to consider in a revocation case. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. *Crudup*, 461 F.3d at 440. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is plainly unreasonable." *Id.* at 439 (emphasis omitted).

We discern no error in the district court's decision to impose a six-month term of imprisonment followed by thirty months' supervised release. The sentence is within the statutory maximum and the advisory policy statement range based on Bennett's violations and criminal history, USSG § 7B1.4(a), p.s. The court adequately stated permissible reasons for the sentence, including that Bennett repeatedly violated her supervised release terms and exhibited deceitfulness when interacting with her probation officers. The court further stated that it had considered the § 3553(a) factors it was permitted to consider in a supervised release revocation proceeding. *See* 18 U.S.C. § 3583(e); *Crudup*, 461 F.3d at 439-40. We have carefully reviewed the record and conclude that Bennett's sentence is not plainly unreasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the revocation judgment. This court requires that counsel inform Bennett, in writing, of the right to petition the Supreme Court of the United States for further review. If Bennett requests that a petition be filed,

3

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bennett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*